

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. Homer P. Rainey, President
The University of Texas
Austin, Texas

Dear Mr. Rainey:

Opinion No. O-1579
Re: Legal residence of a minor who
has been placed in his mother's custody.

We received your letter of October 6, 1939, followed by your letter dated November 3, 1939, in which you request our opinion on the following question:

"When a minor's parents are divorced and he is placed in the custody of his mother, does his legal residence follow that of his mother, who takes him to another state with the father's acquiescence?"

Article 2654c, Vernon's Revised Civil Statutes of Texas, provides in part as follows:

"A non-resident student is hereby defined to be a student of less than twenty-one (21) years of age, living away from his family and whose family resides in another state or whose family has resided within the state for a period of time less than twelve (12) months prior to the date of registration, or a student of twenty-one (21) years of age or over who resides out of the state or who has resided within the State for a period of less than twelve (12) months prior to the date of registration."

The terms "reside", "residence" and "domicile" have been given varied meanings and shades of meaning. In some instances they are construed to be different and in others they are held to be identical, depending upon the apparent stand in which they are employed when considered together with the whole context of a statute. It was stated in an opinion by this department dated September 13, 1933, addressed to Dr. H. Y. Benedict, that "reside" as used in this statute has the same meaning as "domicile". This same ruling was made in conference opinion No. 2977, dated January 10, 1936, Attorney General's Report 1934 to 1936, p. 114, directed to Dr. H. Y. Benedict.

"Where husband and wife are living apart under a judicial decree of divorce or separation, the wife may acquire a separate domicile of her own which will remain unaffected by any change of residence on the part of the husband. A divorced woman may select her own domicile, whether she is divorced a vinculo matrimonii, or only mensa et thoro." 19 Corpus Juris 417.

It is settled law in Texas that the residence or domicile of a minor child is ordinarily that of the father when the parents are not divorced. Gulf C. & S. F. Ry. Co. vs. Lemons, 206 S.W. 75. When a divorce has been granted to the wife, an unrestricted custody of the minor child given her in the decree, her own domicile establishes that of the child, even after her re-marriage. Hicks vs. Bucks, Supreme Court of Minn., 83 NW 538; 9 R.C.L. 548.

The view that the child's domicile follows that of its mother rather than that of its father, where she has a separate domicile and has been awarded the custody of the child, was taken in Toledo Traction Company vs. Cameron, 137 Fed. 48, in reply to the contention that the father's domicile in Ohio, in which state the wife was granted a divorce with custody of the child, determined that of the child who was taken by the wife to another stated and lived there with her, and that accordingly the child was not entitled to sue in a Federal Court as a citizen of the other State. The Court said:

"It is doubtless true that the general rule is that the domicile of the child follows that of the father. But this rule does not hold when the parents are judicially separated, and the custody of the child is awarded to the mother. . . . It would be inconsistent with such a decree that the domicile of the child should continue to be that of the father; for the custody and control of the child, upon which the father's domicile is imputed to the child, no longer exists, but is transferred to the mother."

In Griffin vs. Griffin, 187 Pacific 598, where a wife was granted a divorce in California with custody of the children, and subsequently obtained the court's conditional permission to take them out of its jurisdiction, but disregarded the condition to return them, their father having apparently remained in that state, it was said:

"We know of no law that would prevent the mother from changing her domicile to another state, and, upon compliance with the decree, taking the children with her. The children being in the care and custody of the mother, her residence is their residence. Such is the natural effect of a decree of divorce."

In our opinion your question, as we have restated it at the beginning of this opinion, should be answered in the affirmative.

We have also been furnished with certified copies of instruments showing the removal of the student's disabilities as a minor, in the 37th District Court of Bexar County on September 7, 1939. Whether or not this judgment is binding on the University is a question which we deem it unnecessary for us to determine. The most that the judgment could establish, relative to the minor's residence, was that he was a resident of Texas at the time of the proceeding. And, even if the judgment is binding upon

the University, he is a non-resident within the meaning of Article 2654c until he has resided within the State for twelve months. As we have seen, his residence was  with h s mother, a non-resident, at least up tc the time of the judgment.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Hirschie Johnson

Hirschie Johnson
Assistant

HJ:RS:egw

APPROVED JAN 10, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By B W B
Chairman